SECOND DIVISION

1-09-0362

No. 1-09-0362

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) | |
| v. | ) ) | |
| JOHN MAGLIO, | ) | No. 96 CR 2301101 |
| | ) | |
| Defendant-Appellee. | ) ) | |
| | ) )) | Honorable Timothy J. Chambers, Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Defendant John Maglio was charged with two counts of first-degree murder. Following a bench trial, defendant was found not guilty by reason of insanity and was placed in the custody of the Department of Mental Health on an in-patient basis. Subsequently, defendant was granted conditional release for a five-year period, which the State sought to extend by timely filing a petition with the trial court requesting an evidentiary hearing regarding defendant's mental health. The trial court denied the

State's petition and request for an evidentiary hearing, finding that it would lack jurisdiction over defendant after his term of conditional release expired. The question presented in this appeal is whether the trial court had jurisdiction over defendant to hold an evidentiary hearing regarding defendant's mental health after his term of conditional release expired. Although defendant has not filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 131-133 (1976). For the following reasons, we reverse the trial court's order and remand the cause for further proceedings.

Defendant was charged with two counts of first-degree murder as a result of driving his car at approximately 90 miles per hour into another car that was stopped at a traffic light on Milwaukee Avenue in Niles on August 11, 1996. The two individuals in the other car died. Immediately after the crash, defendant informed paramedics that he drove into the car on purpose because he "wanted to test [his] faith in God." Defendant later informed a nurse at the hospital that "I wanted to kill myself. I deliberately drove my car into another car to show God that I am willing to give myself up to him."

Following a bench trial, defendant was found not guilty by reason of insanity (NGRI) on February 2, 1999. At an evidentiary hearing on July 22, 1999, defendant was found to be in need of in-patient care through the Department of Mental Health. The trial court set defendant's Thiem date (See People v. Thiem, 82 Ill. App. 3d 956, 962 (1980)) as August 11, 2026. The Thiem date refers to the maximum time defendant would have remained in custody in the Department of Corrections had he

been found guilty, which is the maximum time defendant can be involuntarily committed to the Department of Mental Health under the NGRI statute.

Subsequently, on January 9, 2004, after an evidentiary hearing, defendant was granted conditional release for a period of five years, until January 9, 2009, pursuant to section 5-2-4(a-1)(D) of the Unified Code of Corrections (Code) (730 ILCS 5/5-2-4)(West 2004)).  The court's order specified that defendant would reside in a supported living apartment leased and monitored by the Maine Center, would undergo drug testing and would not own or drive a motor vehicle.

Shortly before defendant's period of conditional release was to expire, the State filed a petition on December 26, 2008, requesting an evidentiary hearing regarding defendant's mental health and a determination as to whether to extend defendant's term of conditional release for an additional five years pursuant to section 5-2-4(a-1)(D) and (h) and (i) of the Code (730 ILCS 5/5-2-4(a-1)(D) and (h) and (i)(West 2004).  The State's petition requested that defendant's conditional release date be stayed until a hearing could be held to determine whether defendant was in further need of mental health services.

The trial court held a hearing on January 5, 2009, to address the State's petition. The court agreed to stay defendant's conditional release date by one day, until January 10, 2009, so the parties could argue the merits of the State's petition.  The court also ordered defendant's records from the Department of Mental Health and the Maine Center.

The court then held a hearing on the State's petition on January 9, 2009. On that date, the State also filed a supplemental motion pursuant to sections 5-2-4(a-1)(D) and (f) of the Code (730 ILCS 5/5-2-4(a-1)(D) and (f) (West 2004)). Specifically, the motion requested an impartial examination of defendant by a psychiatrist or clinical psychologist who was not employed by the Department of Mental Health, pursuant to subsection (f). After hearing argument regarding the merits of the State's petition and supplemental motion, the court denied the petition and motion, finding that the State had not alleged any basis as to why defendant's conditional release term should be extended. The State argued to the court that pursuant to the statute, it was entitled to a hearing without alleging a basis for the hearing. The court responded "I don't believe that there is any reason or even grounds for a hearing. The defendant's conditional release period has ended and I believe by term of law. So the matter's simply off call."

The State brought a motion to reconsider the court's order, which the court denied. In denying the motion the court stated "[w]ith all due respect, I believe that my jurisdiction is over."

On appeal, the State contends the trial court erred in denying its petition to extend defendant's conditional release and its supplemental motion for an independent psychiatric evaluation. The State argues that pursuant to section 5-2-4(a-1)(D) of the Code, the court must hold a hearing as to whether to extend defendant's conditional release if the State filed the petition before the expiration of defendant's conditional release term. The State further argues that pursuant to section 5-2-4(f) of the Code,

4

the court must order an independent psychiatric evaluation if requested by the State.

The issues in the instant case involve only questions of law and statutory interpretation; therefore, the standard of review is *de novo*. People v. Hall, 195 Ill. 2d 1, 21 (2000).

Section 5-2-4(a-1)(D) provides in part:

"'Conditional Release' means: the release from either the custody of the Department of Human Services or the custody of the Court of a person who has been found not guilty by reason of insanity under such conditions as the Court may impose which reasonably assure the defendant's satisfactory progress in treatment or habilitation and the safety of the defendant and others.

\* \* \*

Such conditional release shall be for a period of five years. However, the defendant, the person or facility rendering the treatment, therapy, program or outpatient care, the Department, or the State's Attorney may petition the Court for an extension of the conditional release period for an additional 5 years. Upon receipt of such a petition, the Court shall hold a hearing consistent with the provisions of paragraph (a), this paragraph (a-1), and paragraph (f) of this Section, shall determine whether the defendant should continue to be subject to the terms of conditional release, and shall enter an order either extending the defendant's period

of conditional release for an additional 5-year period or discharging the

defendant. Additional 5-year periods of conditional release may be

ordered following a hearing as provided in this Section."

We find this court's opinion in People v. Marshall, 273 Ill. App. 3d 969 (1995)

instructive. In Marshall, this court considered the period of time that a trial court could

retain jurisdiction over a person who had been acquitted by reason of insanity and was

thereafter granted a conditional release. The court held that "[o]nce a court finds, after

hearing on a petition for condition[al] release, that a defendant is entitled to be granted

his request, and is awarded a conditional release, a defendant cannot be held for

treatment beyond the five year period unless a petition requesting that he be returned

to the Department is filed within the five year period." Marshall, 273 Ill. App. 3d at 975.

The court determined that because no petition had been filed within the defendant's

term of conditional release, the trial court lost jurisdiction over the defendant once the

term expired. Marshall, 273 Ill. App. 3d at 976-77.

Here, the State filed it's petition prior to the expiration of defendant's term of

conditional release. The State's supplemental motion was also filed prior to the

expiration of defendant's conditional release. Therefore, the trial court could retain

jurisdiction over defendant until the State's petition and supplemental motion were

adjudicated. Pursuant to section 5-2-4(a-1)(D), after a petition for an extension is filed,

the court "shall" hold a hearing regarding defendant's mental health. Here, the trial

court was required to hold an evidentiary hearing regarding defendant's mental health,

6

which it did not do.  It appears from the record the trial court was mistaken that first, the State's petition had to allege a basis for extending defendant's conditional release, and second, that the court lost jurisdiction over defendant after his term of conditional release expired even though the State's petition and supplemental motion had been filed prior to the term expiring.

When the statute's language is clear on its face, its meaning should be given effect without resort to supplementary principles of statutory construction.  Marshall, 273 Ill. App. 3d at 976.   Here, section 5-2-4(a-1)(D) is clear and unambiguous.  The trial court erred in denying the State's petition and supplemental motion without holding an evidentiary hearing regarding defendant's mental health.  We reverse the trial court's order and remand the cause for a hearing in accordance with the statute.

We note that upon remand, the trial court should consider the State's supplemental motion for an independent examination in accordance with the principles set forth in section (f) of the statute.

Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this order.

Reversed and remanded.

HOFFMAN and THEIS, J.J., concur.

1-09-0362

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellant,

v.

JOHN MAGLIO,

Defendant-Appellee.

No. 1-09-0362

Appellate Court of Illinois
First District, Second Division

February 9, 2010

JUSTICE KARNEZIS delivered the opinion of the court.

HOFFMAN and THEIS, J.J., concur.

Appeal from the Circuit Court of Cook County.

The Honorable Timothy Chambers, Judge Presiding.

For APPELLANT, Anita Alvarez, State's Attorney, Cook County (James E. Fitzgerald, Veronica Calderon Malavia, Jennifer N. Bruzan, Assistant State's Attorneys, of counsel).